# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JAMES SAMUEL FELKNOR | CIVIL ACTION NO. 08-1092 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TALLOW WOOD APARTMENTS, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss Plaintiff's Complaint [Record Document 19], filed on behalf of Defendants, Tallow Wood Apartments, U.L. Coleman Properties Management Ltd., U.L. Coleman, Carla Matranga, Stacy Waters, and Scotty Jones. Defendants seek dismissal of Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

## FACTUAL BACKGROUND

Plaintiff James Samuel Felknor ("Plaintiff") filed a Complaint in the Western District of Louisiana asserting a claim under the Americans with Disabilities Act ("ADA") and asserting violations of his constitutional rights. [Docs. 1, 5]. The Amended Complaint describes various disputes between Plaintiff and Carla Matranga, the apartment manager at Tallow Wood Apartments, concerning incidents involving an air conditioner, the number of vehicle parking positions permitted Plaintiff at the complex, and the ability to use a designated handicapped parking position. Id. As the tensions between Plaintiff and Ms. Matranga rose, Plaintiff declined to sign a renewal lease and was eventually evicted from his apartment. Plaintiff alleges he was deprived of his "constitutional rights" and the "rights

afforded [him] by the American's with Disabilities Act,"and seeks to recover compensatory damages, punitive damages, attorney's fees, interest and costs.  Id.

Defendants seek dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).  [Doc. 19].  Defendants first argue that Plaintiff failed to state a claim for relief under the ADA because that statute does not apply to residential apartments such as Tallow Wood Apartments and that, even if the ADA did give Plaintiff a basis for a claim, the ADA is limited to injunctive relief and does not provide a basis for recovery of damages. Second, Defendants contends that Plaintiff's non-specific assertion that his claims arise under the Constitution fail to establish that any defendant acted under color of state law in depriving him of a constitutionally protected right.  Id.

## LAW AND ANALYSIS

**1.    Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  In order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); see also, Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).  The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009).  The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true.  Id., 129 S.Ct. at 1949-50;  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205

(5th Cir. 2007). Furthermore, pro se complaints must be held to "less stringent standards than formal pleadings drafted by lawyers." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (quoting Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981)).

**2.     Plaintiff's ADA Claims**

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Although the statute prohibits application of its provisions to private residences, the term "public accommodation" is to be construed liberally to afford people with disabilities equal access to the wide variety of establishments available to the nondisabled. Regents of Mercersburg College v. Rep. Franklin Ins., 458 F.3d 159, 165 (3rd Cir. 2006) (internal quotations omitted) (citing S.Rep. No. 101-116, p. 59 (1989); H.R.Rep. No. 101-485, pt. 2, p.100 (1990), U.S. Code Cong. & Admin. News 1990, pt. 2, at pp. 303, 382-83). In fact, certain private entities are considered to be "public accommodations" under the ADA "if the operations of such entities affect commerce," including:

> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor.

42 U.S.C. § 12181(7)(A).

The private entities included in § 12181(7)(A) are all short-term or transient lodging facilities rather than residential facilities such as apartment complexes. The Court agrees with Defendants that residential apartment complexes are not places of "public accommodation" and, thus, not covered by the ADA. See Regents of Mercersburg College, 458 F.3d at 165-66 (holding that a boarding school dormitory is more closely akin to "transient lodging" than a residential unit and is therefore covered by the ADA); Phibbs v. American Property Management, 2008 WL 746977, *3 (D.Utah Mar. 19, 2008) (holding that the ADA does not apply to private residences such as residential homes or apartments); Mabson v. Assoc. of Apartment Owners of Maui, 2007 WL 2363349, *10 (D.Hawaii Aug. 13, 2007) (stating that a residential condominium is a long-term rental unit and is not a place of "public accommodation" with the definition of the ADA); Lancaster v. Phillips Inv., LLC, 482 F.Supp.2d 1362, 1366 (M.D. Ala. 2007) (holding that Title III of the ADA does not apply to residential facilities such as apartment complexes); Index. Housing Serv. of San Francisco v. Fillmore Ctr. Assocs., 840 F.Supp. 1328, 1344 (N.D.Cal. 1993) (recognizing that "apartments and condominiums do not constitute public accommodations with the meaning of the Act"). Accordingly, Plaintiff has failed to state a cause of action under the ADA upon which relief may be granted.

**3.    Plaintiff's Constitutional Claims**

In his Amended Complaint, Plaintiff alleges that he was subjected to mental anguish, physical injury, physical pain and suffering, and other losses "resulting from being deprived of [his] constitutional rights." [Doc. 5, ¶ 14]. Plaintiff's general allegation that Defendants violated his constitutional rights is predicated upon the same facts that underlie his ADA claim. See Id.

Generally, recovery for violation of constitutionally protected rights is sought under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255-56, 191 L.Ed.2d 40 (1988).  A person acts "under color of state law" when that person exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id., 487 U.S. at 49, 108 S.Ct. at 1156 (quoting United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)).  Under the "public function" test, a private entity may also act under the color of state law "when that entity performs a function which is traditionally the exclusive province of the state."  Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 460 (5th Cir. 2003) (quoting Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989)).

In the instant matter, Plaintiff has not alleged that Defendants acted under color of state law, nor could he validly do so.  Defendants are not state agencies or state officials "clothed with the authority of state law."  Further, Plaintiff's tenancy was not in public housing, which is within the exclusive province of the state.  Consequently, the Court finds that Plaintiff has failed to state a cause of action based on a violation of his constitutionally protected rights.

## CONCLUSION

Plaintiff failed to state a cause of action under the ADA or state a cause of action based on an alleged deprivation of constitutional rights.  Accordingly, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE